IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN RE: ) | CASE NO. 11-81765 |
| ) | CHAPTER 13 |
| MARTY DEE JOHNSON, ) | |
| ) | MOTION TO ALLOW LATE FILING |
| ) | OF AMENDED PROOF OF CLAIM |
| Debtor. ) | |

COMES NOW the secured creditor, Nationstar Mortgage LLC ("Nationstar"), and hereby moves the Court to enter an Order allowing it to file the attached Amended Proof of Claim.  In support of its Motion, Nationstar shows to the Court that it entered into a loan modification agreement with the debtors and the Proof of Claim needs to be amended, but the deadline has passed and now desires to file the attached Amended Proof of Claim.

WHEREFORE, Nationstar requests an Order granting it leave to file the attached Amended Proof of Claim.

Dated this 9th day of December, 2014.

NATIONSTAR MORTGAGE LLC, Party in Interest

By: s/Eric H. Lindquist
Eric H. Lindquist, #18112
Eric H. Lindquist, P.C., L.L.O.
8712 West Dodge Road, Ste. 260
Omaha, NE  68114
Telephone (402) 829-0400

LKB

B10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT | District of Nebraska | **PROOF OF CLAIM** |
|---|---|---|
| Name of Debtor:<br>Johnson, Marty Dee | Case Number:<br>11-81765 | |

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>Nationstar Mortgage LLC | |
|---|---|
| Name and address where notices should be sent:<br>Nationstar Mortgage LLC<br>Attn: Bankruptcy Department; PO Box 630267<br>Irving, TX 75063<br>Telephone number: (800) 766-7751    email: | **COURT USE ONLY**<br>☑ Check this box if this claim amends a previously filed claim.<br>Court Claim Number: 10<br>(*If known*)<br>Filed on: 09/16/2011 |
| Name and address where payment should be sent (if different from above):<br>Nationstar Mortgage LLC<br>Attn: Bankruptcy Department; 350 Highland Drive<br>Lewisville, TX 75067<br>Telephone number: (877) 343-5602    email: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars. |

**1. Amount of Claim as of Date Case Filed:** $ 134,319.66

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☑ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** Loan Modification Effective January 1, 2014
(See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor:<br>4 8 1 5 | 3a. Debtor may have scheduled account as:<br>(See instruction #3a) | 3b. Uniform Claim Identifier (optional):<br>_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _<br>(See instruction #3b) |
|---|---|---|

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ☑ Real Estate  ☐ Motor Vehicle  ☐ Other
**Describe:** 15116 Chalco Pointe Drive, Omaha, NE 68138

**Value of Property:** $_____

**Annual Interest Rate** 4.625 % ☑ Fixed or ☐ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
This is the arrearage amount already paid by the Trustee - see attached    $ 2,404.80

**Basis for perfection:** Recorded Deed of Trust

**Amount of Secured Claim:**    $ 134,319.66
**Amount Unsecured:**    $ 0.00

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

| ☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B). | ☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4). | ☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5). | Amount entitled to priority: |
|---|---|---|---|
| ☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7). | ☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8). | ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__). | $_____ |

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

B10 (Official Form 10) (04/13) 2

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor.    ☑ I am the creditor's authorized agent.    ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)    ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Eric H. Lindquist
Title: Attorney for Creditor
Company: Eric H. Lindquist, P.C., L.L.O.
Address and telephone number (if different from notice address above):
8712 West Dodge Road, Suite 260
Omaha, NE 68114

(Signature)    12-9-14 (Date)

Telephone number: (402) 829-0400    email: elindquist@elindquistlaw.com

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**
*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

B10 (Official Form 10) (04/13) 3

___DEFINITIONS___

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. § 506 (a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507 (a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

___INFORMATION___

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

B 10 (Attachment A) (12/11)

## Mortgage Proof of Claim Attachment

If you file a claim secured by a security interest in the debtor's principal residence, you must use this form as an attachment to your proof of claim. See Bankruptcy Rule 3001(c)(2).

| | | | |
|---|---|---|---|
| **Name of debtor:** | Johnson, Marty Dee | **Case number:** | 11-81765 |
| **Name of creditor:** | Nationstar Mortgage LLC | **Last four digits** of any number you use to identify the debtor's account: | 4815 |

### Part 1: Statement of Principal and Interest Due as of the Petition Date

Itemize the principal and interest due on the claim as of the petition date (included in the Amount of Claim listed in Item 1 on your Proof of Claim form).

1. Principal due    (1)  $ 134,319.66

2. Interest due

| Interest rate | From mm/dd/yyyy | To mm/dd/yyyy | Amount |
|---|---|---|---|
| ____% | _____ | _____ | $ _____ |
| ____% | _____ | _____ | $ _____ |
| ____% | _____ | _____ | + $ _____ |
| Total interest due as of the petition date | | | $ 0.00 |

Copy total here ▶ (2) + $ 0.00

3. Total principal and interest due    (3)  $ 134,319.66

### Part 2: Statement of Prepetition Fees, Expenses, and Charges

Itemize the fees, expenses, and charges due on the claim as of the petition date (included in the Amount of Claim listed in Item 1 on the Proof of Claim form).

| Description | Dates Incurred | | Amount |
|---|---|---|---|
| 1. Late charges | | (1) | $ _____ |
| 2. Non-sufficient funds (NSF) fees | | (2) | $ _____ |
| 3. Attorney's fees | | (3) | $ _____ |
| 4. Filing fees and court costs | | (4) | $ _____ |
| 5. Advertisement costs | | (5) | $ _____ |
| 6. Sheriff/auctioneer fees | | (6) | $ _____ |
| 7. Title costs | | (7) | $ _____ |
| 8. Recording fees | | (8) | $ _____ |
| 9. Appraisal/broker's price opinion fees | | (9) | $ _____ |
| 10. Property inspection fees | | (10) | $ _____ |
| 11. Tax advances (non-escrow) | | (11) | $ _____ |
| 12. Insurance advances (non-escrow) | | (12) | $ _____ |
| 13. Escrow shortage or deficiency (Do not include amounts that are part of any installment payment listed in Part 3.) | | (13) | $ _____ |
| 14. Property preservation expenses. Specify: _____ | | (14) | $ _____ |
| 15. Other. Specify: Trustee payments up to loan mod effective date | | (15) | $ 2,404.80 |
| 16. Other. Specify: _____ | | (16) | $ _____ |
| 17. Other. Specify: _____ | | (17) + | $ _____ |
| 18. Total prepetition fees, expenses, and charges. Add all of the amounts listed above. | | (18) | $ 2,404.80 |

B 10 (Attachment A) (12/11)                                                                                           Page 2

## Part 3. Statement of Amount Necessary to Cure Default as of the Petition Date

**Does the installment payment amount include an escrow deposit?**

☐ No

☒ Yes. Attach to the Proof of Claim form an escrow account statement prepared as of the petition date in a form consistent with applicable nonbankruptcy law.

1. **Installment payments due**

   Date last payment received by creditor _____

   Number of installment payments due    (1)  0

2. **Amount of installment payments due**

   ____ installments @    $ _____

   ____ installments @    $ _____

   ____ installments @   + $ _____

   Total installment payments due as of the petition date    $ 0.00    Copy total here ▶ (2) $ 0.00

3. **Calculation of cure amount**

   Add total prepetition fees, expenses, and charges    Copy total from Part 2 here ▶ + $ 2,404.80

   Subtract total of unapplied funds (funds received but not credited to account)    − $ _____

   Subtract amounts for which debtor is entitled to a refund    − $ _____

   Total amount necessary to cure default as of the petition date    (3) $ 2,404.80

   Copy total onto Item 4 of Proof of Claim form

The post-petition principal and interest payment amount as of 2/1/2014 is $614.69. Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements in support of right to see a life of the automatic stay and foreclose if necessary.

After Recording Return To:
NATIONSTAR MORTGAGE LLC
350 HIGHLAND DRIVE
LEWISVILLE, TX 75067

This Document Prepared By:
NATIONSTAR MORTGAGE LLC
350 HIGHLAND DRIVE
LEWISVILLE, TX 75067
Steve Safavi

_____ [Space Above This Line For Recording Data] _____

Original Loan Amount: $147,600.00
New Money: $4,812.75

Loan No: 

# LOAN MODIFICATION AGREEMENT
(Providing for Fixed Interest Rate)

This Loan Modification Agreement ("Agreement"), made this   day of , between MARTY JOHNSON ("Borrower") and NATIONSTAR MORTGAGE LLC, whose address is 350 HIGHLAND DRIVE, LEWISVILLE, TX 75067 ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), and Timely Payment Rewards Rider, if any, dated _____, ____ and recorded in _____, of the Official Records (Name of Records) of _____ County, NE (County and State, or other Jurisdiction) and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at
15116 CHALCO POINTE DR, OMAHA, NE 68138,
(Property Address)
the real property described being set forth as follows:

LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae Uniform Instrument             Form 3179 1/01 (rev. 06/12)
(page 1 of 6)

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of **January 1, 2014**, the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. **$134,319.66**, consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.

2. Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of **4.625%**, from **January 1, 2014**. Borrower promises to make monthly payments of principal and interest of U.S. **$614.69**, beginning on the **1st** day of **February, 2014**, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. The yearly rate of **4.625%** will remain in effect until principal and interest are paid in full. If on **January 1, 2054** (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

    If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

    (a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note, including, where applicable, the Timely Payment Rewards rate reduction, as described in paragraph 1 of the Timely Payment Rewards Addendum to Note and paragraph A.1. of the Timely Payment Rewards Rider. By executing this Agreement, Borrower waives any Timely Payment Rewards rate reduction to which Borrower may

LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae Uniform Instrument

Form 3179 1/01 (rev. 06/12)
(page 2 of 6)

have otherwise been entitled; and

(b) all terms and provisions of any adjustable rate rider, or Timely Payment Rewards Rider, where applicable, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5. Borrower understands and agrees that:

(a) All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

(b) All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

(c) Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

(d) All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

(e) Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

(f) Borrower authorizes Lender, and Lender's successors and assigns, to share certain Borrower public and non-public personal information including, but not limited to (i) name, address, telephone number, (ii) Social Security Number, (iii) credit score, (iv) income, and (v) payment history and information about Borrower's account balances and activity, with an authorized third party which may include, but is not limited to, a counseling agency, state or local Housing Finance Agency or similar entity that is assisting Borrower in connection with obtaining a foreclosure prevention alternative, including the trial period plan to modify Borrower's loan ("Authorized Third Party").

Borrower understands and consents to Lender or Authorized Third Party, as well as Fannie Mae (the owner of Borrower's loan), disclosing such personal information and the terms of any relief or foreclosure prevention alternative, including the terms of the trial period plan to modify Borrower's loan, to any insurer, guarantor, or servicer that insures, guarantees, or services Borrower's loan or any other mortgage loan secured by the Property on which Borrower is obligated, or to any companies that perform support services to them in connection with the loan or any other mortgage loan secured by the Property on which Borrower is obligated.

Borrower consents to being contacted by Fannie Mae, Lender or Authorized Third Party concerning mortgage assistance relating to Borrower's loan including the trial period plan to modify Borrower's loan, at any telephone number, including mobile telephone number, or email address Borrower has provided to Lender or Authorized Third Party.

[ ] By checking this box, Borrower also consents to being contacted by text messaging

6. In the event that I was discharged in a Chapter 7 bankruptcy proceeding subsequent to the execution of the loan documents and did not reaffirm the mortgage debt under applicable law, Lender agrees that I will not have personal liability on the debt pursuant to this Agreement.

7. By this paragraph, Lender is notifying Borrower that any prior waiver by Lender of Borrower's obligation to pay to Lender Funds for any or all Escrow Items is hereby revoked, and Borrower has been advised of the amount needed to fully fund the Escrow Items.

8. This Agreement modifies an obligation secured by an existing security instrument recorded in County, NE, upon which all recordation taxes have been paid. As of the date of this agreement, the unpaid principal balance of the original obligation secured by the existing security instrument is $129,506.91. The principal balance secured by the existing security instrument as a result of this Agreement is $134,319.66, which amount represents the excess of the unpaid principal balance of this original obligation.


LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae Uniform Instrument


Form 3179 1/01 (rev. 06/12)
(page 4 of 6)

In Witness Whereof, the Lender and I have executed this Agreement.

_____ /s/ Marty Johnson _____ (Seal)
MARTY JOHNSON -Borrower

_____ [Space Below This Line For Acknowledgments] _____
State of Nebraska

County of ____Sarpy____

The foregoing instrument was acknowledged before me on this 2nd day of January, 2014

by ____Marty Johnson____

_____

____Heather Paulsen____
(Signature of person taking acknowledgment)
____Sales Manager____
(Title or rank)
____NA____
(Serial number, if any)

My commission expires : ____10-19-17____

GENERAL NOTARY - State of Nebraska
HEATHER J PAULSEN
My Comm. Exp. October 19, 2017

LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae Uniform Instrument      Form 3179 1/01 (rev. 06/12)
(page 5 of 6)

**NATIONSTAR MORTGAGE LLC**

By: _____ (Seal) - Lender
Name: _____Bianca Hockensmith_____
Title: _____Assistant Secretary_____

_____1/13/14_____
Date of Lender's Signature

_____ [Space Below This Line For Acknowledgments] _____

State of _____Texas_____

County of _____Dallas_____

The foregoing instrument was acknowledged before me on this _____1-13-14_____
by _____Bianca Hockensmith_____, the _____Assistant Secretary_____ of
_____Nationstar Mortgage LLC_____

_____
(Signature of person taking acknowledgment)
Notary Public
_____
(Title or rank)

_____12948412-3_____
(Serial number, if any)

KRISTA MARIE MOORE
Notary Public, State of Texas
My Commission Expires
July 15, 2017

LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae Uniform Instrument     Form 3179 1/01 (rev. 06/12)
(page 5 of 5)

DISBURSEMENTS
through 10/01/2014

CASE NUMBER: 1181765
DEBTOR: JOHNSON, MARTY DEE

| Ref No | Claim | Class | Date | Proc Period | Source/Payee or Creditor Check Name | Transaction | Check # | Trans Total | Principal Amount | Interest Portion |
|---|---|---|---|---|---|---|---|---|---|---|
| 25 | 004A | 1 | 06.22.2012 | 12_06 | AURORA LOAN SERVICES    PO BOX 5180    SCOTTSBLUFF CO 80217- | System Disbursement | 351352 | 402.83 | 400.49 | 2.34 |
| Cleared: 07.02.2012 | | | Posted: 06.16.2012 | | | | | | | |
| 25 | 004A | 1 | 05.25.2012 | 12_05 | AURORA LOAN SERVICES    PO BOX 5180    SCOTTSBLUFF CO 80217- | System Disbursement | 345775 | 2,001.97 | 1,856.66 | 145.31 |
| Cleared: 06.04.2012 | | | Posted: 05.20.2012 | | | | | | | |

Total Principal    2,257.15
Total Interest    147.65
Total    2,404.80

Date Printed 10/01/2014

Ref Number = 25

Page 1 of 1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 11-81765 |
| | ) | CHAPTER 13 |
| MARTY DEE JOHNSON, | ) | |
| | ) | |
| Debtor. | ) | |

## NOTICE SETTING RESISTANCE DEADLINE

Pursuant to Neb. R. Bankr. P. 9013-1, you are hereby notified as follows:

1. On December 9, 2014, the undersigned filed a Motion to Allow Late Filing of Amended Proof of Claim.
2. The last day to file a resistance to the Motion to Allow Late Claim is December 30, 2014.
3. If the resistance period expires without the filing of any resistance, the Court will consider entering an Order without further notice to any parties.

Dated this 9th day of December, 2014.

NATIONSTAR MORTGAGE LLC, Party in Interest

By: *s/Eric H. Lindquist*
   Eric H. Lindquist, #18112
   Eric H. Lindquist, P.C., L.L.O.
   8712 West Dodge Road, Ste. 260
   Omaha, NE  68114
   Telephone (402) 829-0400

LKB

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 11-81765 |
| | ) | CHAPTER 13 |
| MARTY DEE JOHNSON, | ) | |
| | ) | |
| Debtor. | ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 9, 2014, he served a copy of the Motion to Allow Late Filing of Amended Proof of Claim filed by Nationstar Mortgage LLC, and the Notice Setting Resistance Deadline, upon the parties identified on the attached mailing matrix. The undersigned relies on the CM/ECF system of the United States Bankruptcy Court to provide service to the following: Erin M. McCartney, Kathleen A. Laughlin, Chapter 13 Trustee and Patricia Fahey, U.S. Trustee.

NATIONSTAR MORTGAGE LLC, Party in Interest

By: *s/Eric H. Lindquist*
Eric H. Lindquist, #18112
Eric H. Lindquist, P.C., L.L.O.
8712 West Dodge Road, Ste. 260
Omaha, NE  68114
Telephone (402) 829-0400

LKB

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0867-8<br>Case 11-81765-TLS<br>District of Nebraska<br>Omaha Office<br>Mon Dec  8 19:46:39 CST 2014 | Candica, L.L.C.<br>c/o Weinstein & Riley, P.S.<br>2001 Western Ave, Ste 400<br>Seattle, WA 98121-3132 | Midland Funding LLC by American InfoSource L<br>Attn: Department 1<br>PO Box 4457<br>Houston, TX 77210-4457 |
| (p)NATIONSTAR MORTGAGE<br>PO BOX 630267<br>IRVING TEXAS 75063-0116 | PRA  Receivables Management LLC<br>POB 41067<br>Norfolk, VA 23541-1067 | Quantum3 Group LLC as agent for<br>MOMA Funding LLC<br>PO Box 788<br>Kirkland, WA 98083-0788 |
| Recovery Management Systems Corporation<br>25 SE 2nd Ave Ste 1120<br>Miami, Fl 33131-1605 | US Bankruptcy Court<br>111 South 18th Plaza<br>Suite 1125<br>Omaha, NE 68102-1321 | Alegent Health<br>Central Billing Office<br>2301 North 117th Avenue, Suite 100<br>Omaha, NE 68164-3483 |
| American Express<br>P.O. Box 981535<br>El Paso, TX 79998-1535 | American Express Centurion Bank<br>c/o Becket and Lee LLP<br>POB 3001<br>Malvern  PA 19355-0701 | Angela Thompson<br>4312 NW 63 St<br>Oklahoma City, OK 73116-1505 |
| Aurora Loan Services<br>Attn: Bankruptcy Dept.<br>Po Box 1706<br>Scottsbluff, NE 69363-1706 | Aurora Loan Services, as servicer for<br>Aurora Bank, FSB<br>PO Box 5180<br>Scottsbluff, CO 80217-5180 | Bank Of America<br>Attn: Bankruptcy NC4-105-03-14<br>Po Box 26012<br>Greensboro, NC 27420-6012 |
| Chase<br>PO Box 94014<br>Palatine, IL 60094-4014 | Chase<br>Po Box 15298<br>Wilmington, DE 19850-5298 | Chase Bank USA, N.A.<br>PO Box 15145<br>Wilmington, DE 19850-5145 |
| Clifford Tyler<br>NWDCC Att: Trust Fund<br>900 W Cherokee<br>Enid, OK 73701-5410 | Cynthia Mac<br>7509 Edward Ave<br>La Vista, NE 68128-2521 | Dawn Otto<br>617-1/2 Walnut St<br>Po Box 693<br>Louisville, NE 68037-0693 |
| (p)DELL FINANCIAL SERVICES<br>P O BOX 81577<br>AUSTIN TX 78708-1577 | Dell Financial Services L.L.C.<br>c/o Resurgent Capital Services<br>PO Box 10390<br>Greenville, SC 29603-0390 | Estate of Debra Johnson<br>c/o Marty Johnson, Executor<br>15116 Chalco Pointe Dr<br>Omaha, NE 68138-3374 |
| (p)BANK OF AMERICA<br>PO BOX 982238<br>EL PASO TX 79998-2238 | First USA<br>P.O. Box 8650<br>Wilmington, DE 19899-8650 | Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 |
| Jeff Johnson<br>13106 Sky Park Dr<br>Omaha, NE 68137-4346 | Lorri Esnough<br>5418 Bay Meadows Rd<br>Omaha, NE 68127-3546 | Michael Johnson<br>3752 S 16 St<br>Omaha, NE 68107-2101 |

| | | |
|---|---|---|
| Mickey Johnson (Deceased)<br>c/o Marty Johnson<br>15116 Chalco Pointe Dr<br>Omaha, NE 68138-3374 | Midland Funding LLC<br>by American InfoSource LP as agent<br>Attn: Department 1<br>PO Box 4457<br>Houston, TX 77210-4457 | Nebraska Child Support Payment Center<br>P.O. Box 83306<br>Lincoln, NE 68501-3306 |
| Nebraska Department of Revenue<br>Attn: Bankruptcy Unit<br>Po Box 94818<br>Lincoln, NE 68509-4818 | (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 | Recovery Management Systems Corporation<br>25 S.E. 2nd Avenue, Suite 1120<br>Miami, FL 33131-1605 |
| Sarpy County Attorney<br>1210 Golden Gate Drive, Ste 3147<br>Papillion, NE 68046-2889 | (c)SARPY COUNTY TREASURER<br>1210 GOLDEN GATE DR STE 1120<br>PAPILLION NE 68046-2842 | TARGET NATIONAL BANK<br>C O WEINSTEIN AND RILEY, PS<br>2001 WESTERN AVENUE, STE 400<br>SEATTLE, WA 98121-3132 |
| Terri Johnson<br>1407 Sherwood Ave<br>Omaha, NE 68110-2512 | Tnb-Visa (TV)<br>C/O Financial Retail Services<br>Mailstop BV P.O.Box 9475<br>Minneapolis, MN 55440-9475 | VERIZON WIRELESS<br>PO BOX 3397<br>BLOOMINGTON, IL 61702-3397 |
| Verizon Wireless<br>1515 Woodfield Road<br>Schaumburg, IL 60173-5443 | Weber Insurance Agency<br>1762 26 Ave<br>Columbus, NE 68601-4323 | Erin M. McCartney<br>Turco Law Offices<br>2580 S. 90th Street<br>Omaha, NE 68124-2050 |
| Kathleen Laughlin<br>Chapter 13 Trustee's Office<br>13930 Gold Circle<br>Suite 201<br>Omaha, NE 68144-2304 | Marty Dee Johnson<br>15116 Chalco Pointe Dr.<br>Omaha, NE 68138-3374 | Patricia Fahey<br>U.S. Trustee's Office<br>111 So 18th Plz<br>Suite 1148<br>Omaha, NE 68102-1321 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Nationstar Mortgage<br>350 Highland Dr<br>Lewisville, TX 75067 | Dell Financial Services<br>Attn: Bankruptcy Dept.<br>Po Box 81577<br>Austin, TX 78708 | FIA CARD SERVICES, N.A.<br>PO Box 15102<br>Wilmington, DE 19886-5102 |
| (d)NATIONSTAR MORTGAGE<br>350 HIGHLAND DRIVE<br>LEWISVILLE, TEXAS 75067 | Portfolio Recovery Associates, LLC<br>PO Box 41067<br>Norfolk VA 23541 | |

Addresses marked (c) above for the following entity/entities were corrected
as required by the USPS Locatable Address Conversion System (LACS).

Sarpy County Treasurer
1210 Golden Gate Drive, Ste 1127
Papillion, NE 68046



The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)Aurora Loan Services as servicer for Auror    (u)Nationstar Mortgage LLC    (d)Candica, L.L.C.
                                                                                c/o Weinstein & Riley, P.S.
                                                                                2001 Western Ave., Ste. 400
                                                                                Seattle, WA 98121-3132


(d)Quantum3 Group LLC as agent for    End of Label Matrix
MOMA Funding LLC                      Mailable recipients    47
PO Box 788                            Bypassed recipients     4
Kirkland, WA 98083-0788               Total                  51